IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNE TURNAGE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16-cv-00018 |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL CREDIT SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, ANNE TURNAGE, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, NATIONAL CREDIT SYSTEMS, INC., the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. ANNE TURNAGE, (hereinafter, "Plaintiff") is an individual who currently resides in the City of College, County of Brazos, State of Texas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Harbor Group Management Company (hereinafter, "the Debt").

6. The Debt was incurred relative to a residential lease on Plaintiff's then primary residence.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. NATIONAL CREDIT SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Texas. Defendant's principal place of business is located in the State of Georgia. Defendant is incorporated in the State of Georgia.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. Defendant has made repeated attempts to collect the Debt from Plaintiff, both by written correspondence and by telephone.

15. Defendant has made repeated representations to Plaintiff regarding the balance outstanding on the Debt.

16. Defendant has informed Plaintiff that the balance outstanding on the Debt is $4,045.16.

17. In or around November 2015, during the course of a telephone call between Defendant and Plaintiff, Defendant informed Plaintiff that the Debt had an outstanding balance of $4,045.16.

18. In or around November 2015, during the course of a telephone call between Defendant and Plaintiff, Defendant informed Plaintiff that the balance of the Debt comprised, among other things, an "Early Termination Fee" of $1,840.00

19. In or around November 2015, during the course of a telephone call between Defendant and Plaintiff, Defendant informed Plaintiff that the balance of the Debt comprised, among other things, a "Notice Fee" of $1,840.00

20. Pursuant to the unequivocal terms of the lease agreement signed by Plaintiff relative to the Debt, Plaintiff is only responsible for an early move out fee of $782.00, plus late fees, and outstanding rent that results in a total amount of approximately $1,375.

21. Plaintiff is not financially responsible for paying either an "Early Termination Fee" or a "Notice Fee."

22. Notwithstanding the fact that the balance on the Debt is approximately $1,375, Defendant has attempted to collect $4,045.16 from Plaintiff.

23. Notwithstanding the fact that the balance of the Debt is approximately $1,375, Defendant has reported the Debt to one or more credit reporting agency, as that term is defined by 15 U.S.C. §1681a(f), that Plaintiff owes the Debt in the amount of $4,045.16.

24. Defendant's representations, as delineated above, were false, deceptive and misleading given that Plaintiff did not owe a balance of $4,045.16.

25. Defendant's representations, as delineated above, were false, deceptive and misleading given that Plaintiff was not contractually obligated to pay an "Early Termination Fee" and "Notice Fee".

26. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt.

27. Defendant reported false information to the credit reporting agencies.

28. During the course of her telephone call with Defendant, Plaintiff informed Defendant that she disputed the Debt. In response, Defendant informed Plaintiff that because she disputed the balance of the Debt, she would not be able to offer any reduced amount to pay the Debt and that Defendant would ensure that payment against the Debt was made in full.

29. Defendant informed Plaintiff that it would mark Plaintiff's account as a "refusal to pay."

30. At no time during the course of the aforesaid telephone conversation did Plaintiff inform Defendant that she refused to pay the debt on which it was attempting to collect.

31. Defendant's representation to Plaintiff that it would mark her account as a "refusal to pay" had the effect of conveying to an unsophisticated consumer that Defendant would refer the debt on which it was attempting to collect to Harbor Group Management

Company and Harbor Group Management Company would take additional collection actions against Plaintiff, such as filing a lawsuit against Plaintiff.

32. Defendant's representation to Plaintiff that it would refer the debt on which it was attempting to collect to Harbor Group Management Company had the effect of conveying to an unsophisticated consumer that Harbor Group Management Company would proceed with initiating a lawsuit against Plaintiff relative to the Debt.

33. To date, Harbor Group Management Company has not filed a lawsuit against Plaintiff for the Debt.

34. Defendant's statement that it would mark Plaintiff's account as "refusal to pay" was neither a statement made in an effort to seek payment from Plaintiff nor a statement made to further the collection efforts of Defendant.

35. The natural consequence of Defendant's statement to Plaintiff, as delineated above, was to unjustly condemn and vilify Plaintiff for her non-payment of the Debt.

36. The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

37. The natural consequence of Defendant's statement was to cause Plaintiff mental distress.

38. In its attempts to collect the debt allegedly owed by Plaintiff to Harbor Group Management Company, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    d. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

39. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANNE TURNAGE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **ANNE TURNAGE**
    By:   s/ Leroy B. Scott
         Attorney for Plaintiff

Dated: January 5, 2016

Leroy B. Scott  (Bar # 24083824)
SMITHMARCO, P.C.
P.O. Box 601342
Dallas, TX 75360
Direct Dial:   (214) 329-4717
Facsimile:   (888) 418-1277
E-Mail:   lscott@smithmarco.com